**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID KING,

        Petitioner,          Case Number: 05-72758

v.          HON. VICTORIA A. ROBERTS

KENNETH T. MCKEE,

        Respondent.
                                    /

### **OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Petitioner David King filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 27, 2007, the Court issued an Opinion and Order denying the petition for writ of habeas corpus. Petitioner has filed a Notice of Appeal. Thus, the Court must determine whether Petitioner is entitled to a certificate of appealability (COA). *See* Castro v. United States, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a COA).

Before Petitioner may appeal the Court's dispositive decision denying his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997).

"When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may

be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his habeas corpus petition, Petitioner raised four claims for relief.[1] In his first claim, Petitioner asserted six instances of prosecutorial misconduct: (i) the prosecutor used prior inconsistent statements to bolster the complainant's credibility; (ii) the prosecutor elicited misleading testimony regarding the victim's statements to detective Stark; (iii) the prosecutor asked Petitioner to comment on the victim's credibility; (iv) the prosecutor elicited testimony under the medical treatment hearsay exception; (v) the prosecutor elicited testimony from a police officer vouching for the victim's credibility; and (vi) the prosecutor used rebuttal testimony to impeach a witness. The last state court to issue a reasoned opinion addressing these claims, the Michigan Court of Appeals, held that Petitioner failed to preserve them for review by failing to lodge contemporaneous objections at trial. Petitioner alleged ineffective assistance of trial counsel as cause to excuse his default (the ineffective assistance of counsel claim was set forth as Petitioner's second claim for habeas corpus relief). The Court reviewed each of Petitioner's prosecutorial misconduct claims and found either that the prosecutor did not engage in misconduct or the prosecutor's conduct did not deprive Petitioner of his fundamental right to a fair trial. Thus, the Court concluded that trial counsel was not ineffective in failing to object to the prosecutor's conduct. Because Petitioner failed to establish that his trial attorney rendered

---

[1] The claim enumerated in the petition as claim # 5 was discussed in the context of the procedural default analysis of claims #1 and #2.

2

ineffective assistance of counsel, he failed to show cause for his procedural default. Additionally, Petitioner failed to show that failure to consider his claims would result in a fundamental miscarriage of justice.

The Court concludes that reasonable jurists would not find the Court's holding that the prosecutorial misconduct claims were procedurally defaulted to be debatable or wrong. Nor would reasonable jurists find the Court's conclusion that counsel was not ineffective to be debatable or wrong. Accordingly, the Court holds that Petitioner is not entitled to a COA with respect to these claims.

Third, Petitioner argued that the victim's mother, Danish, should not have been permitted to testify regarding a detective's comment that he believed the victim had been abused. "Errors by a state court in the admission of evidence are not cognizable in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." Kelly v. Withrow, 25 F.3d 363, 370 (6th Cir. 1994). The admission of this testimony did not deny Petitioner the fundamental right to a fair trial and the Court, therefore, denied habeas relief. The Court finds that reasonable jurists would not find the Court's denial of this claim to be debatable or wrong and, therefore, denies a COA.

Finally, Petitioner alleged that his appellate attorney was ineffective in failing to present the claims presented in his petition on direct review. In a *pro per* supplemental brief filed in the Michigan Court of Appeals, Petitioner presented all of the claims his appellate counsel declined to present. The Michigan Court of Appeals accepted the *pro per* supplemental brief and held the claims to be defaulted based upon trial counsel's failure to object. Therefore, this Court held that Petitioner could not show that he was prejudiced by his appellate counsel's failure to present

these issues because they were considered by the Michigan Court of Appeals. The Court concludes that reasonable jurists would not find this conclusion to be debatable or wrong. Therefore, the Court denies a COA on this claim.

Accordingly, **IT IS ORDERED** that a certificate of appealability is **DENIED**.

S/Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: June 13, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 13, 2007.
>
> S/Carol A. Pinegar
> Deputy Clerk